UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAESA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ARVIZA, Warden,<br><br>　　　　　　Respondent. | No. 1:22-cv-00787-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 21, 2022, Petitioner filed the instant petition for writ of habeas corpus. He states he has been placed in administrative detention pending investigation for over seven months, and he requests an immediate transfer out of administrative detention. The Court finds that Petitioner fails to establish grounds for habeas corpus relief, and that the proper avenue for his complaints is a <u>Bivens</u> action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Accordingly, the Court will recommend that the petition be **DISMISSED** without prejudice to filing a <u>Bivens</u> action.

**DISCUSSION**.

　　　　Petitioner contends he has been placed in administrative detention pending an investigation by prison authorities without substantial evidence of misconduct. He states that

prison policy allows for up to 90 days to complete an investigation, but he has remained in detention for over seven months.  He claims his continued confinement in administrative detention constitutes cruel and unusual punishment.

      Petitioner is challenging the manner in which he is being confined, not the legality of the fact of his confinement.  Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Skinner v. Switzer, 131 S. Ct. 1289, 1299 n.13, 179 L. Ed. 2d 233 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 86, 125 S. Ct. 1242, 1250, 161 L. Ed. 2d 253 (2005)) ("Dotson declared … in no uncertain terms, that when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus, and may be brought, if at all, under § 1983.") (internal quotation marks omitted); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent … where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); see, e.g., Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D.Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to petitioner's request for access to law library because it concerns conditions of his confinement); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001) ("[P]risoners . . . who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens.").  Accordingly, Petitioner is not entitled to habeas corpus relief under § 2241 and this action should be dismissed without prejudice to his filing a Bivens civil rights action.

      In Nettles v. Grounds, the Ninth Circuit held that a district court has the discretion to construe a habeas petition by a state prisoner as a civil rights action under § 1983.  Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016).  Recharacterization is appropriate only if it is

"amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. However, the Ninth Circuit ruling in Nettles concerned state prisoners and was not extended to federal prisoners. But even assuming Nettles can be extended to federal prisoners, the Court does not find recharacterization to be appropriate because the instant petition is not amenable to conversion on its face. Accordingly, the Court should not exercise its discretion to recharacterize the action. The Court will recommend that the Clerk of Court provide blank forms for filing a Bivens action.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice to Petitioner commencing a Bivens action, and the Clerk of Court be DIRECTED to provide Petitioner with blank forms for filing a Bivens action.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendations, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 28, 2022**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE